UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA


v.                          21-CR-0058 (BAH)


BRANDON HARGRAVES

MOTION TO SUPPRESS EVIDENCE SEIZED IN VIOLATION OF THE
FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION


On December 31, 2020 at around 6:30 PM Brandon Hargraves was seated in his parked car in a private, residential parking lot at his brother's apartment complex when he was unlawfully seized by law enforcement. He was an invited guest who had come to pick up his brother, Anthony.  He telephoned to tell him he had arrived around 6:15 P.M. and was waiting for him to come to the car. It was fully dark.  Sunset was at 4:56 PM.  It was about 43 degrees F. and skies were overcast. Neither the parking space nor the automobile was visible from the public street.


Brandon Hargraves was suddenly surrounded by three armed, uniformed police officers.  Lights from the MPD vehicle and from a hand held torch were shone in his eyes. The exit from the parking lot was blocked

by the marked MPD vehicle. Mr. Hargraves was subjected to "arbitrary and unreasonable governmental intrusion . . . upon the privacy and liberty of the individual." *United States v. Dionisio,* 410 U.S. 19, 42 (1973); [H]is reasonable expectation of privacy was violated by unreasonable government conduct and an unlawful seizure and search. *Riley v. California,* 134 S. Ct. 2473. 2482 (2014). The police did not have a warrant. The police did not have a report of a crime involving the vehicle, nor a citizen tip, nor the excuse of a moving violation stop or of hot pursuit, to block the entry and exit of the parking lot with the police vehicle.   Three armed and uniformed officers surrounded the automobile.   MPD Smith ordered Hargraves to roll down his window.  [BWC Smith]

When the window was opened, the police instantly reached in and opened the driver's door. There were no facts known to the police to even justify a *Terry* stop. "…a reasonable, articulable suspicion that criminal activity is afoot."  *Terry v. Ohio,* 392 U.S. 1 (1967).  There was no  probable cause to justify police to seize him or to search his vehicle.

"Where a search is undertaken by law enforcement officials to discover evidence of criminal wrongdoing. . . reasonableness generally requires the obtaining of a judicial warrant. "*Veronica Sch. Dist. 47J v. Acton,* 515 U.S. 646, 653 (1995).   A person has a right to privacy in his or

her parked automobile. *New York v. Class,* 475 U.S. 106,114 (1986) with limited exceptions.  *United States v. Ross,* 456 U.S. 798, 823 (1982).

"When law enforcement conducts a search without a warrant, they have presumptively violated the Fourth Amendment."  *Arizona v. Gant,* 556 U.S. 332, 338 (2009) subject "to a few specifically established and well delineated exceptions." *Id.*

No exception to the requirement of a warrant existed at the time the metropolitan police blocked the exit to the parking lot and the car in which Mr. Hargraves was seated.  His mobility was controlled and MPD effectively seized him and his vehicle. The police conduct was a "show of authority" sufficient to effectuate a seizure. Further, it appears the search was planned and coordinated before the first car arrived and blocked the entrance of the lot, as  multiple marked vehicles and multiple uniformed police arrived to the parking  lot seconds later.

"The exclusionary rule prohibits introduction into evidence of tangible materials seized during an unlawful search. . ." *Murray v. United States,* 487 U.S. 533, 536 (1988) (citing *Weeks v. United States,* 232 U.S. 383 (1914)).  It also prohibits officer testimony of information acquired during an unlawful search". *Id.* (citing *Silverman v. United States*, U.S. 505 (1961).   The

exclusionary rule also prohibits the introduction of both tangible and testimonial evidence acquired as a result of the unlawful search. *Wong Sun v. United States,* 371 U.S. 471, 484 (1963).

At the time Mr. Hargraves was seized he was not advised by the seizing officers of his right to counsel nor of his right to remain silent.  He respectfully requests the Court suppress any and all uncounseled statements pursuant to *Miranda,* 384 U.S. 436 (1966)  and the Fifth and Sixth Amendments of the United States Constitution.

To determine whether this seizure was unlawful, we direct the Court to similar case decided April 2020;  *United States v. Antwan Delany*, 955 F.3d 1077, (D.C. Circuit 2020).  Judge Tatel, writing for the Court, held that when officers seized Delaney, who was seated in a parked automobile in a residential parking lot on New Year's Eve, they lacked the requisite suspicion to justify the stop, and the subsequent search violated the Fourth Amendment.  In that case uniformed officers in a marked police cruiser were patrolling a residential area east of the Anacostia River.  Officers heard gunshots shortly after midnight and began to canvas the immediate area. They encountered a Jeep in a residential parking lot with a couple inside the jeep kissing.  The officers stopped their car near the lot's entrance. The Delaney case is appended to the Motion.  [Att.1]

"A Fourth Amendment seizure occurs, "when physical force is used to restrain movement or when a person submits to an officer's 'show of authority.'" *United States v. Brodie,* 742 F.3d 1058, 1061 (D.C. Cir. 2014) (quoting *California v. Hodari D.,* 499 U.S. 621, 626 (1991)). A show of authority sufficient to constitute a seizure occurs where "the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business," *Florida v. Bostick,* 501 U.S. 429, 437 (1991), or, put another way, where a "reasonable person would have believed that he was not free to leave," *United States v. Mendenhall,* 446U.S. 544, (1980).  In making that determination, courts consider the totality of the circumstances, including "whether the suspect was physically intimidated or touched, whether the officer displayed a weapon, wore a uniform, or restricted the defendant's movements, the time and place of the encounter, and whether the officer's use of language or tone of voice indicated that compliance with the officer's request might be compelled." *United State v. Castle,* 825 F.3d 625, 632-33 (D.C. Cir. 2016).


Here, a seizure occurred when the MPD parked their vehicle to block the exit controlling Hargrave's movement.  A seizure occurred when three uniformed, armed officers exited the MPD cruiser and surrounded

Hargraves' car.   Additional officers soon arrived and exited additional cruisers. This was a clear show of force. "The officers' conduct on entering the parking lot amounted to a 'show of authority' sufficient to effectuate a stop. *Hodari D.*  499 U.S. at 626. (1991).  Here, the officers' behavior upon entrance into the small parking lot and use of the MPD vehicle to block the driveway would have communicated to Mr. Hargraves "that he was not at liberty to ignore the police presence and go about his business," *Bostick,* 501 U.S. at 437.

In *United States v. Mabry,* (D.C. Circuit Decided May 21, 2021 No. 19-3050) another recent case, Judge Ginsburg writing for the Court, held that based on the totality of the circumstances "the officers' conduct in the interaction between the police and the Mabry in a street encounter was not consensual and the police conduct constituted a show of authority. Citing *Delaney,* 955 F.3d at 1081.the Court wrote,"[A} show of authority sufficient to constitute a seizure occurs where the police conduct would have communicated to a reasonable person that he was not at liberty to ignore the police presence and go about his business, or put another way, where a reasonable person would have believed that he was not free to leave."

Mr. Hargraves respectfully requests the Court Grant this Motion and Suppress all tangible evidence seized from his car during the unlawful

6

seizure and search on December 31, 2020 as well as all statements he made during the unlawful seizure.

Mr. Hargraves requests a Hearing on this Motion during which Hearing additional evidence may be presented to the Court and  legal arguments presented on behalf of Mr. Hargraves.

Respectfully submitted,

_____/s/_____
H. Heather Shaner, Esq. #273276
1702 S Street N.W.
Washington, D.C. 20009
Tel. 202 265 8210
hhsesq@aol.com

.